**SEALED**   **FILED**

JUN 0 4 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE: APPLICATION FOR AN )
ORDER AUTHORIZING THE USE OF A )   NO. 2:07-SW-0157 GGH
PEN REGISTER DEVICE, TRAP AND )
TRACE DEVICE, DIALED NUMBER )
INTERCEPTOR, NUMBER SEARCH )        ORDER
DEVICE, AND CALLER )
IDENTIFICATION SERVICE, AND )
THE DISCLOSURE OF BILLING, )        **UNDER SEAL**
SUBSCRIBER, AIR TIME, AND CELL )
SITE INFORMATION )
_____ )

This matter has come before the Court pursuant to an Application under 18 U.S.C. §§ 3122 and 2703 by Ellen V. Endrizzi, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature on the cellular telephone currently identified by telephone number **916-947-5944**, hereinafter **916-947-5944**, and directing Cingular/AT&T, Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Cingular Wireless, Verizon Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone company, to disclose certain related subscriber, billing, air time, cell site, and toll call information. The Court finds that the applicant has certified and shown that the information likely to be obtained by the requested use and disclosure is relevant to a legitimate ongoing criminal investigation into possible violations of 18 U.S.C. §§ 922(o),

1  956(a)(1), 371; and 26 U.S.C. § 5861(d).

2      The Court further finds that the United States has made a showing that there is reason to believe that notification or disclosure by Cingular/AT&T, Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc, Sprint Spectrum L.P., T-Mobile, Verizon Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone company, of the existence of the pen register device, trap and trace device, dialed number interceptor, number search device, and Caller Identification feature, or the request for subscriber, billing, and other relevant information will: (1) endanger the life or safety of an undercover government agent and other government agents; (2) cause the subjects to flee to avoid prosecution; or (3) seriously jeopardize the investigation in that the suspects will stop using their telephones, begin using pay telephones, or move their illegal operations elsewhere.

    In addition, the Court finds that the Bureau of Alcohol, Tobacco and Firearms (ATF) does not currently possess the technology needed to limit the information obtained from a pen register to only the number dialed to reach the called number and not the numbers dialed as numerical codes or messages.

    The Court also finds that good cause exists for permitting ATF or other authorized law enforcement personnel to obtain information from the trap and trace device, dialed number interceptor, number search device, and Caller Identification feature whether the calls originate in the United States or a foreign nation.

1   IT APPEARING that the numbers dialed or pulsed to or from
2  telephone number **916-947-5944** and to or from any other telephone
3  numbers subsequently assigned to the same IMEI/ESN within the 60-
4  day period, are relevant to an ongoing criminal investigation of
5  the specified offenses, THE FOLLOWING IS HEREBY ORDERED:
6       1.  Pursuant to 18 U.S.C. § 3123, agents of ATF or other
7  authorized law enforcement agency may install and use a pen
8  register to register numbers dialed or pulsed to or from
9  telephone number **916-947-5944** to record the date and time of such
10 dialings or pulsings, and to record the length of time of such
11 dialings or pulsings, and to record the length of time the
12 telephone receiver in question is off the hook for incoming or
13 outgoing calls for a period of sixty (60) days from the date of
14 this Order, and that this authorization applies not only to the
15 target telephone number listed above, but also to any other
16 telephone numbers subsequently assigned to the same IMEI/ESN
17 within the 60-day period;
18      2.  Pursuant to 18 U.S.C. §§ 3123 and 2703(d), Cingular/AT&T
19 shall install, program, and/or use equipment in order to trap,
20 trace, and identify the telephone numbers of the incoming calls
21 to telephone number **916-947-5944**, or to any other telephone
22 numbers subsequently assigned to the same IMEI/ESN within the 60-
23 day period, and provide the name, address of the subscriber of
24 record, and ESN numbers, whether published or unpublished, for
25 each identified incoming call and where possible, provide the
26 time and duration of each call, and continue the operation of
27 such trap and number search activity for a period not to exceed
28 sixty (60) days from the date of this Order.  Cingular/AT&T will

1  satisfy the requirements of this portion of the Order by
2  providing said subscriber information (name and address of the
3  subscriber of record and ESN) only once for each number and is
4  not required to produce subscriber information on each telephone
5  call.  The use of the trap and number search device shall be
6  limited to calls originating in the United States, Laos or
7  Thailand, but only to the extent that such limitation does not
8  impose additional burdens on Cingular/AT&T; if such geographic
9  limitations are unduly burdensome, the use of the trap and number
10 search device may be international in scope;
11      3.   Pursuant to 18 U.S.C. §§ 3123 and 2703(d), that
12 Cingular/AT&T shall examine cellular telephone number **916-947-**
13 **5944** and determine if it is equipped with the Caller
14 Identification feature as is supplied to some retail customers.
15 If said telephone line is not equipped with the Caller
16 Identification feature but the equipment for said feature is
17 available, Cingular/AT&T is directed to add to the existing
18 service the Caller Identification feature with no record of said
19 feature going to the subscriber.  Cingular/AT&T shall be
20 compensated by the government for any additional expenses for
21 installing the Caller Identification feature, and Cingular/AT&T's
22 use of the Caller Identification feature will serve as a
23 substitute for the use of a trap and number search device.
24 Cingular/AT&T shall take all necessary precautions to ensure that
25 the addition of said feature, or any activity relating to said
26 feature, shall not be reflected on the customer's bill or in any
27 other way be disclosed;
28      4.   Pursuant to 18 U.S.C. § 3123(b)(2), Cingular/AT&T shall

-4-

furnish agents of ATF or other designated law enforcement agency forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register device, trap and trace device, dialed number interceptor, number search device, and Caller Identification feature unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the extension and use is to take place;

5. Cingular/AT&T shall furnish the investigating agents the telephone numbers associated with any speed dialing codes dialed or pulsed from cellular telephone number **916-947-5944**, or to any other telephone numbers subsequently assigned to the same IMEI/ESN within the 60-day period;

6. Pursuant to 18 U.S.C. § 2703(d), Cingular/AT&T shall furnish agents of ATF or other designated law enforcement agency with notice of any change in service involving telephone number **916-947-5944**, all billing records, toll records, credit cards bills, and call forwarding information for telephone number **916-947-5944** on a continuing basis for a period of sixty (60) days from the date of this Court's Order;

7. Pursuant to 18 U.S.C. § 2703(d), Cingular Wireless, Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Verizon Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone companies shall furnish agents of ATF or other designated law enforcement agency with complete subscriber information, including ESN numbers, for all telephone numbers

dialed or pulsed to or from telephone number **916-947-5944**, as recorded by the pen register device, and for all telephone numbers placing calls to telephone number **916-947-5944**, as recorded by the trap and number search devices or the Caller Identification feature for a period of sixty (60) days from the date of this Order. This authorization shall apply not only to **916-947-5944** but also to any other telephone numbers subsequently assigned to the same IMEI/ESN within the 60-day period;

     8. Pursuant to 18 U.S.C. §§ 2703(d) and 3123, Cingular/AT&T shall provide agents of ATF with cell site information for the beginning and termination of each call made or received by the cellular telephone identified by number **916-947-5944**, or any other telephone numbers subsequently assigned to the same IMEI/ESN on a continuing basis for sixty (60) days from the date of the Court's Order. **The telephone companies shall also provide geographic analysis information regarding cell sites used, sectors, direction and strength of signals, and corresponding antenna information, including configuration (omni directional or sectorized sector orientation), control channels used, and the address and latitude/longitude of antennas, and any other information necessary to identify the precise operating location of the subject telephone. The telephone companies shall provide real time cellular tower registration information for subject telephone number, 916-947-5944, but not the contents of any communication;**

     9. Cingular/AT&T shall be compensated by the government for reasonable expenses incurred in providing facilities and technical assistance in connection with the pen register device,

1 | trap and trace device, dialed number interceptor, number search
2 | device, and caller identification feature; and
3 |     10.  Pursuant to 18 U.S.C. §§ 3123 (d) and 2705 (b), **this**
4 | **Order and the Application shall be SEALED** until otherwise ordered
5 | by the Court, and Cingular/AT&T, Nextel Communications, MetroPCS
6 | Inc., AT&T Wireless Services, Sprint Spectrum, L.P., T-Mobile,
7 | Verizon Wireless, GTE Wireless Inc., VIA Wireless Services,
8 | Pacific Bell Telephone Company, SBC, GTE, U.S. Sprint, MCI,
9 | Citizens Utilities, and any other involved telephone company,
10 | shall not disclose the existence of the investigation, the
11 | existence of the pen register device, trap and trace device,
12 | dialed number interceptor, number search device, and caller
13 | identification feature, or the request for subscriber, billing,
14 | and other relevant information to the listed subscribers, or to
15 | any other person, unless or until otherwise ordered by the Court.
16 | **IT IS SO ORDERED.**
17 | DATED: June 4, 2007

**GREGORY G. HOLLOWS**
HONORABLE GREGORY G. HOLLOWS
United States Magistrate Judge